**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 97-4212

TODD FEURTADO, a/k/a Todd
Edwards,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Solomon Blatt, Jr., Senior District Judge.
(CR-95-669)

Submitted: February 17, 1998

Decided: April 13, 1998

Before WIDENER and WILKINS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas C. Manning, MANNING & CROUCH, Raleigh, North Caro-
lina, for Appellant. J. Rene Josey, United States Attorney, Cameron
G. Chandler, Assistant United States Attorney, Columbia, South Car-
olina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Todd Feurtado pleaded guilty to conspiracy to distribute and possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 846 (1994), and was sentenced to ninety-five months' imprisonment. On appeal, Feurtado contends that the district court: (1) lost jurisdiction to sentence him in accordance with the plea agreement after the court dismissed the indictment; (2) improperly amended a previous order; and (3) attributed to him an improper quantity of cocaine during sentencing. Feurtado's attorney has filed a brief in accordance with Anders v. California , 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal. Feurtado did not file a pro se supplemental brief. We affirm.

Feurtado and several others were indicted for conspiring in the distribution of cocaine in Virginia, South Carolina, New York, and other states. On February 9, 1996, Feurtado's counsel filed a motion adopting all of Feurtado's co-defendants' motions, which included a motion to dismiss the indictment due to alleged grand jury irregularities. Feurtado pleaded guilty to the conspiracy charge in accordance with a plea agreement on February 23, 1996. On March 27, 1996, the court orally dismissed the indictment without prejudice on the motion of some co-defendants but Todd Feurtado was not listed among them. Neither Feurtado nor his counsel was present at this hearing. The court signed an order on June 10, 1996, to this effect, placing a handwritten notation on the last page which reads: "Nunc pro tunc to March 27, 1996." This order was entered on June 12, 1996 (J.A. at 68-83), along with a document entitled "order" entered by the clerk's office at the judge's direction. This "order" specifically states: "Please note, per a telephone conversation with Judge Blatt on this date, that this dismissal is only as to those defendants that have not already pled guilty. Consequently, this action is still pending as to . . . Todd Feurtado . . . ." (J.A. at 67). A new indictment was returned on April

2

3, 1996, naming those defendants who had not pleaded guilty. Feurtado was not named. He was sentenced in March 1997.

A presentence report was filed for Feurtado which attributed between 3.5 and 5 kilograms of cocaine to him. Feurtado filed no objections to the drug amounts stated in the presentence report. In accordance with the plea agreement, the court sentenced Feurtado to ninety-five months' imprisonment.

We first address Feurtado's contention that the court was divested of jurisdiction to sentence him as a result of the order signed on June 10, 1996. We find to the contrary because the order makes clear that it is not addressing any motion filed by Todd Feurtado. The first sentence of the order states that the "matter comes before the court on motion of" certain named defendants and Todd Feurtado is not listed among them. This makes sense because he had already entered a guilty plea to his indictment. We perceive no need to address whether by pleading guilty Feurtado waived any claim related to the grand jury proceedings.

In a similar vein, Feurtado next claims that the court lost jurisdiction to sentence him based on the guilty plea because in its first written order the judge dismissed the indictment against him, and that the subsequent order, which specifically excludes Feurtado and the others who pleaded guilty from the order's effect, altered Feurtado's substantial rights. Because we have found that the order signed June 10, 1996, did not affect Feurtado, this claim is simply unavailing.

Lastly, Feurtado alleges that the court attributed an improper quantity of drugs to him during sentencing. The court sentenced Feurtado to ninety-five months' imprisonment based upon a stipulated drug amount of 3.5 to 5 kilograms of cocaine powder as stated in the plea agreement and presentence report. Because Feurtado failed to object to this quantity at anytime, we may only review this alleged error if it was a plain error that affected his substantial rights. See Fed. R. Crim. P. 52(b); see also United States v. Olano , 507 U.S. 725, 731-32 (1993). Feurtado's only argument is that because a co-defendant's presentence report attributes a lesser quantity of drugs to Feurtado, his sentence should have been based on that amount. Because the amount

3

attributed to Feurtado in another's presentence report may not be accurate and is not relevant, we find no plain error.

In accordance with <u>Anders</u>, we have examined the entire record in this case and find no reversible error. We therefore affirm Feurtado's conviction and sentence. This court requires that counsel inform his client in writing of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and oral argument would not aid the decisional process.

<u>AFFIRMED</u>

4